IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Case No. 3:25CR39 (RCY) |
| ) | |
| CHARLES ALEXANDER, ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Charles Alexander's First Motion to Dismiss the Indictment ("Motion to Dismiss"). ECF No. 18. Based on the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and the Supreme Court's recent application of *Bruen* in *United States v. Rahimi*, 602 U.S. 680 (2024), the Defendant challenges § 922(g)(1) on its face and as applied to him. For the reasons stated below, the Court rejects both challenges and will deny the Defendant's motion.

**I. BACKGROUND**

The Defendant was indicted on March 18, 2025, on one count of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). Indictment 1, ECF No. 1. The Defendant was arraigned on March 31, 2025. The Defendant's status as a convicted felon is not in dispute.

**II. LEGAL STANDARD**

Federal Rule of Criminal Procedure 12 allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). The Defendant here requests that the Court dismiss the indictment against him. "An indictment may be dismissed if the statute on which the indictment is premised is

unconstitutional." *United States v. Kearney*, 2023 WL 3940106, at *1 (E.D. Va. June 9, 2023); *cf.* Fed. R. Crim. P. 12(b)(3)(B) (permitting a defendant to, before trial, file a motion alleging a "defect in the indictment").

### III. DISCUSSION

The Defendant argues that the statute upon which his indictment is premised, 18 U.S.C. § 922(g)(1), is unconstitutional on its face and as applied to him because it violates the Second Amendment under *Bruen*'s text-and-history test, as expounded upon in *United States v. Rahimi*.

Section 922(g)(1) reads, in relevant part:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm or ammunition.

18 U.S.C. § 922(g)(1).

The Defendant argues that *Bruen* and *Rahimi* establish that § 922(g)(1) regulates conduct covered by the "plain text" of the Second Amendment, meaning that § 922(g)(1) is "presumptively unconstitutional" under *Bruen*'s test. Mot. Dismiss 2, ECF No. 18. Among other textual arguments, the Defendant points to the Supreme Court's "reject[ion]" in *Rahimi* of "the Government's theory that Congress can disarm individual citizens because they are not 'responsible,'" and he argues that he is thus among "the people" whose conduct the Second Amendment protects. Mot. Dismiss 8–9 (quoting *Rahimi*, 602 U.S. at 701). Applying *Bruen* and *Rahimi*, the Defendant asserts that § 922(g)(1) is unconstitutional facially and as applied here and moves the Court to dismiss the Indictment against him.

Both of the Defendant's challenges are squarely foreclosed by binding precedent.[1] First, the Defendant's facial challenge is precluded by the Fourth Circuit's decision in *United States v. Canada (Canada II)*, 123 F.4th 159 (4th Cir. 2024). There, the Fourth Circuit determined that § 922(g)(1) "remains facially constitutional after *Bruen* and *Rahimi*." *United States v. Hunt*, 123 F.4th 697, 702 (4th Cir. 2024) (applying *Canada II*, 123 F.4th at 161–62). Because this Court is bound by *Canada II*, it summarily rejects the Defendant's facial challenge to § 922(g)(1).

Second, the Fourth Circuit's even more recent decision in *United States v. Hunt*, 123 F.4th 697 (4th Cir. 2024), forecloses the Defendant's as-applied challenge. In *Hunt*, the Fourth Circuit determined that § 922(g)(1) plainly passes constitutional muster, whether considered in light of the Fourth Circuit's own precedent or through application of *Bruen*'s text-and-history analysis. *Hunt*, 123 F.4th at 704–08. This is the same conclusion reached by this Court in its very first decision on a *Bruen*-based motion to dismiss, in *United States v. Lane*, 689 F. Supp. 3d 232 (E.D. Va. 2023). Notably, the Fourth Circuit in *Hunt* made explicit that its conclusion rested on the felony status of the defendant—not the particulars of the underlying conviction. *Hunt*, 123 F. 4th at 700 ("[T]here is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." (quoting *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024))). Accordingly, for the reasons this Court articulated in *Lane* and similarly for those the Fourth Circuit articulated in *Hunt*, § 922(g)(1) unequivocally survives the Defendant's as-applied challenge. And because this Court is bound by *Hunt*, it cannot entertain the Defendant's as-applied challenge to § 922(g)(1).

---

[1] To his credit, the Defendant acknowledges that Fourth Circuit case law precludes his arguments. Mot. Dismiss 1.

## IV. CONCLUSION

For the reasons detailed above, the Court rejects both the Defendant's facial and as-applied challenges to § 922(g)(1). Accordingly, the Defendant's Motion to Dismiss will be denied. An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: May 7, 2025
Richmond, Virginia